NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0237n.06

No. 12-6269

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 28, 2014

DEBORAH S. HUNT, Clerk

DAVID EGGLESTON,                    :
                                    :
    Plaintiff-Appellee,         :
                                    :      ON APPEAL FROM THE
v.                                  :      UNITED STATES DISTRICT
                                    :      COURT FOR THE MIDDLE
                                    :      DISTRICT OF TENNESSEE
JAKE SHORT,                         :
                                    :
    Defendant-Appellant.        :


BEFORE: COLE and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

OPINION

**BERTELSMAN, District Judge:**

    Plaintiff-Appellee David Eggleston brought this 42 U.S.C. § 1983 action against Defendant-Appellant Officer Jake Short, alleging that Short used excessive force against Eggleston in the course of making an arrest. The district court denied Short's motion for summary judgment based on qualified immunity, and he appeals.

    Because there is an issue of fact as to whether the force used was excessive, this court does not have jurisdiction to entertain

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

the appeal. Therefore, we must **DISMISS** the appeal and remand the case to the district court.

I.

No question is raised concerning the validity of the arrest. The arrest followed a high-speed chase in which Eggleston initially failed to stop and was endangering the public. When he finally did stop, he left his motor running, and Officer Short forcefully removed him from his truck and took him to the ground in order to obtain access to the truck and turn off the ignition. Eggleston's blood alcohol level was later found to be well above the legal limit.

It is the degree of force used by Short in performing this "takedown" maneuver that gives rise to this action. During the takedown, Eggleston landed on his face and was severely injured, suffering a broken jaw, receding gums requiring skin grafts to repair, two chipped teeth, three dead teeth, and a broken hand. The takedown procedure, which took only seconds, was recorded on the cruiser's video camera. The video is in evidence and has been reviewed by both the district court and this court.

In a succinct but clear order, the district court held that "[g]iven the varying interpretations of the video . . . where [there is] an issue of material fact as to whether the force applied was objectively reasonable . . . [an award of] summary

judgment is inappropriate." It seems apparent that the district court's holding was based on its opinion that the video is not clear as to the amount of force used or whether Short could have employed some measure to prevent Eggleston from landing on his face.

Having carefully considered the matter, we hold that the video does indeed raise issues of fact to the extent that we lack jurisdiction to consider this appeal.

## II.

In analyzing a qualified immunity case, courts must proceed as follows.

### A. The Trial Court

The evidence must be interpreted in the light most favorable to the party asserting the injury. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The court then looks to two factors: (1) whether the action violated a constitutional right; and (2) whether that constitutional right was clearly established such that a reasonable officer would understand that what he is doing would violate that right. *Eldridge v. City of Warren*, 533 F. App'x 529, 532 (6th Cir. 2013) (citations omitted). The court has the discretion to conduct this analysis in any order. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

In considering whether a constitutional violation occurred, if the defendant challenges the plaintiff's version of the facts, an issue of fact is created, and qualified immunity must be denied. *See Johnson v. Jones*, 515 U.S. 304 (1995) (officer's claim he did not participate in beating of plaintiff raised a non-appealable issue of fact). However, a court may grant qualified immunity if one of the parties' accounts is "blatantly contradicted by the record, so that no reasonable jury cold believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The "clearly established" inquiry, it is vital to note, must be undertaken *in light of the specific context of the case*, not as a broad general proposition . . . ." *Saucier*, 533 U.S. at 201 (emphasis added); *see also Campbell v. City of Springboro*, 700 F.3d 779, 788-89 (6th Cir. 2012). That is, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Burgess v. Fischer*, 735 F.3d 462, 473 (6th Cir. 2013). If the constitutional right was not clearly established, the motion for qualified immunity should be granted.

If the court finds that the constitutional right was clearly established, it may proceed to rule on the question of qualified immunity on the basis of the record. The court may deny qualified

4

immunity if the facts disclose a violation of a well-established right, or grant qualified immunity if the facts, even when interpreted in favor of the plaintiff, do not support a finding that it would have been obvious to a reasonable person in defendant's position that his actions violated a constitutional right.

## B. The Appellate Court

"The collateral order doctrine provides this court with jurisdiction to hear an interlocutory appeal of a denial of qualified immunity." *Younes v. Pellerito*, 739 F.3d 885, 888 (6th Cir. 2014) (citation omitted). However, it "applies only to the extent that the denial was based on 'pure questions of law.'" *Id.* "A defendant challenging a denial of qualified immunity must be willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal." *Id.* "Where a defendant relies instead on [his] own disputed view of the facts, 'the appeal boils down to issues of fact and credibility determinations that we cannot make.'" *Id.* However, if "the issue appealed concerns not which facts the parties might be able to prove, but whether certain alleged facts reflect a violation of clearly established law," this inquiry is a legal question, and the appellate court does have jurisdiction. *Hoover v. Radabaugh*, 307 F.3d 460, 465 (6th Cir. 2002).

                              III.

    The constitutional issue in this case is whether Short used
excessive force against Eggleston in the course of arresting him.
Such claims are analyzed under the Fourth Amendment's objective
"reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 395
(1989).  "Determining whether the force used to effect a particular
seizure is 'reasonable' under the Fourth Amendment requires a
careful balancing of '"the nature and quality of the intrusion on
the   individual's   Fourth   Amendment   interests"'   against
countervailing governmental interests at stake."  *Id.* at 396
(citation omitted).  This analysis "requires careful attention to
the facts and circumstances of each particular case, including the
severity of the crime at issue, whether the suspect poses an
immediate threat to the safety of the officers or others, and
whether he is actively resisting arrest or attempting to evade
arrest by flight."  *Id.*

    This "reasonableness" inquiry "is an objective one: the
question is whether the officers' actions are 'objectively
reasonable' in light of the facts and circumstances confronting
them, without regard to their underlying intent or motivation."
*Id.* at 397 (citation omitted).

    In the case now before us, the trial judge, albeit succinctly,
found that the video relied on by both parties was ambiguous.

                                6

Interpreted most favorably to Eggleston, the video could support a reasonable conclusion that the force employed was excessive. Short challenges that interpretation on appeal. His proffered interpretation is that the force used was reasonable considering all the surrounding circumstances, including the seriousness of the offense, the necessity of getting the vehicle under control for protection of the public, and the fact that Short had no backup. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Burgess*, 735 F.3d at 472–73; *Campbell*, 700 F.3d at 787.

We have reviewed the video and, like the district court, conclude that it is ambiguous and does not allow us to determine as a matter of law whether Short's use of force was reasonable under the circumstances. Accordingly, this court lacks jurisdiction. *Younes*, 739 F.3d at 888–89. Moreover, because viewing the video in Eggleston's favor could reasonably lead to a finding of excessive force, this case does not fall within the limited exception under which the plaintiff's account may be disregarded because it is "so utterly discredited by the record as to be rendered a visible fiction." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## IV.

Therefore, it is ordered that the appeal is **DISMISSED** for lack of appellate jurisdiction.