RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0261p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DARRYL THOMPSON,

        *Plaintiff-Appellee,*

    *v.*

MICHAEL GRIDA,

        *Defendant*,

DAVID ROOSE; STEVE SHUBURT; OFFICER
OLSZEWSKI; OFFICER KELLY,

        *Defendants-Appellants.*

> No. 09-4369

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 08-00271—Solomon Oliver, Jr., Chief District Judge.

Argued: March 8, 2011

Decided and Filed: September 8, 2011

Before: McKEAGUE and STRANCH, Circuit Judges; MAYS, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Patrick Gallagher, ALLAN & GALLAGHER, Cleveland, Ohio, for Appellants. Michael J. Cheselka, Jr., Cleveland, Ohio, for Appellee. **ON BRIEF:** Patrick Gallagher, ALLAN & GALLAGHER, Cleveland, Ohio, for Appellants. Michael J. Cheselka, Jr., Cleveland, Ohio, for Appellee.

_____

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

———————————

**OPINION**

———————————

JANE B. STRANCH, Circuit Judge.  In this civil-rights action, Darryl Thompson alleges he was arrested without probable cause and the arresting officers used excessive force.  Police officers Roose, Shuburt, Olszewski, and Kelly appeal the district court's denial of their motion for summary judgment on qualified immunity grounds.  Because the officers rely entirely on disputed facts in their appeal, we **DISMISS** the appeal for lack of jurisdiction and **REMAND** for trial.

## I.  BACKGROUND

Thompson alleges the following occurred in February 2007.  While he was preparing to go to work, he and his wife learned from neighborhood children of a problem on the school bus involving Maya, their ten year old daughter.  Mr. and Mrs. Thompson went immediately to the bus stop.  As they approached, they saw police cars and a school bus; they could not see their daughter, but they saw their 15 year old son being held against a police car.  They told one of the officers they were the parents of the girl involved in the altercation and asked where their daughter was.  The officer only responded by shouting, "Get back.  Get back.  Get back.  Get back," and they complied.

Officer Shuburt then approached Mrs. Thomspon.  After hearing his wife yell "don't hit me, don't put your hands on me" to Shuburt, Thompson stepped between his wife and Officer Shuburt.  Thompson faced Shuburt, intending to defuse the situation.  He asked if Shuburt put his hands on Mrs. Thompson, to which Shuburt replied, "No, I shoved her."  Thompson told his wife to return to their car.  When Thompson turned back to face Shuburt, the officer grabbed him and began to kick him on his right side and groin.  Other officers joined in and sprayed his face with pepper spray.  After the first spray, the officers hit Thompson across his face, knocked off his glasses and shot his eyes with pepper spray again.  Thompson states that he did not resist the officers and complied with all their requests.

The officers tell a different story.  They claim Thompson and his wife yelled racial expletives at the officers and disregarded their orders at the scene.  The officers contend Thompson was physically aggressive and initiated the altercation by attempting to punch Officer Shuburt.  Contrary to Thompson's testimony, the officers argue they kicked Thompson and sprayed him with pepper spray in an attempt to gain control of him, because Thompson continually resisted the officers and refused commands to roll onto his stomach.

Thompson was ultimately arrested and charged with assault on a police officer. He was found not guilty by a jury before the Cuyahoga County Common Pleas Court. On February 4, 2008, Thompson filed this suit asserting a claim under 42 U.S.C. § 1983 against the five police officers.  The complaint alleged the officers arrested Thompson without probable cause and used excessive force.  After taking Mr. and Mrs. Thompson's depositions, the defendants moved for summary judgment on the grounds of qualified immunity.

The district court found substantial disparities between the facts as stated by Thompson and the officers.  Finding that there were genuine issues of material fact as to whether the officers had probable cause to arrest Thompson and whether they used excessive force, the court denied summary judgment on the basis of qualified immunity. The officers appeal.

## II.  DISCUSSION

**A.  Jurisdiction**

An order denying qualified immunity, to the extent it turns on a question of law, is an immediately appealable collateral order.  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  However, "[w]hen the District Court denies qualified immunity to government officials on summary judgment, our jurisdiction to hear an interlocutory appeal of that ruling is narrow." *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998).

A defendant challenging a denial of summary judgment on qualified immunity grounds must be "willing to concede the most favorable view of the facts to the plaintiff

for purposes of the appeal." *Id.* at 563. Where the defendant does not dispute the facts, the issue is purely legal: whether the facts, viewed in the light most favorable to the plaintiff, entitle the defendant to qualified immunity as a matter of law. *Grawey v. Drury*, 567 F.3d 302, 310 (6th Cir. 2009). However, where the defendant disputes the facts on appeal, the appeal involves the ordinary issue of the existence, or non-existence, of a triable issue of fact. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). In that situation, the district court's determination that the summary judgment record raises a genuine issue of fact concerning the officials' involvement is not an immediately appealable final decision and this Court lacks jurisdiction. *Id.*; *Grawey*, 567 F.3d at 310.

Supreme Court jurisprudence requires us to assess qualified immunity within the specific factual circumstances at hand. *See, e.g.*, *Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). This task is impossible when the dispute on appeal is factual in nature. When the legal arguments advanced rely entirely on a defendant's own disputed version of the facts, the appeal boils down to issues of fact and credibility determinations that we cannot make. *See Berryman*, 150 F.3d at 564.

## B. Factual Disputes on Appeal

The officers contend that they construe the facts in the light most favorable to Thompson and that there are no disputed issues of material fact. Their argument belies their assertion. The officers argue they are entitled to qualified immunity, citing case law they deem analogous to the facts of this case as they have stated them.

On the probable cause claim, the officers argue that the circumstances, as they present them, suggest a reasonable officer at the scene would fear an impending assault from Thompson. Appellants cite a number of cases to support their qualified immunity argument that the right not to be arrested in the circumstances presented in this case is not clearly established. However, these cases are only analogous if this Court accepts the version of the facts proposed by the officers. *See, e.g., Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005) (analogous only assuming Thompson acted in a threatening

manner to Shuburt); *Abdul-Khaliq v. City of Newark*, 275 F. App'x 517 (6th Cir. 2008) (analogous only assuming Thompson acted aggressively by yelling and cursing at the officers); *Palshook v. Jarrett*, 120 F. Supp. 2d 641 (N.D. Ohio 2000) (analogous only if this Court assumes Thompson had a hostile attitude).

Likewise, the officers argue Thompson's excessive force claim does not state a constitutional violation because, given the circumstances as they present them, the force the officers used was reasonable. Once again, the cases cited are analogous only if this Court accepts the officers' version of the facts. *See, e.g., Goodrich v. Everett*, 193 F. App'x 551 (6th Cir. 2006) (analogous only assuming Thompson's description of the kicks to his groin, the punches, and the two sprays of mace to his face were ambiguous); *Fuller v. Cuyahoga Metro. Hous. Auth.*, No. 1:06-CV-2093, 2008 WL 339464 (N.D. Ohio Feb. 6, 2008) (analogous only assuming Thompson was argumentative, uncooperative, struggled, and resisted the officers).

The issue on appeal is not whether the officers were entitled to qualified immunity under the officers' version of the facts; the issue on appeal is whether Thompson contests that version of the facts. He does. The officers assert that Thompson disregarded commands to "Get Back," Mrs. Thompson engaged in loud, threatening, and confrontational behavior to Officer Shuburt, and Thompson resisted the officers and refused their commands to roll over. Thompson's pleadings and the depositions dispute these facts and instead claim that Thompson did not resist the officers and obeyed their requests. Thompson successfully disputed, before a jury, any claim that he had assaulted an officer.

The officers have failed to satisfy the requirement that they concede the most favorable view of the facts to Thompson. This is precisely the sort of factual dispute over which this Court lacks jurisdiction. *See Berryman*, 150 F.3d at 564–65 ("Once a defendant's argument drifts from purely legal into the factual realm and begins contesting what really happened, our jurisdiction ends and the case should proceed to trial."). Mere conclusory statements that the officers construe the facts in the light most favorable to the plaintiff cannot confer jurisdiction upon this Court. *See id.* ("We have

learned by experience that defendants sometimes attempt simply to protract the litigation and manipulate the fact-law distinction . . . to create the appearance of jurisdiction."). Disputes of fact clearly exist in this case and deprive us of jurisdiction.

### III.  CONCLUSION

The officers' arguments for qualified immunity all hinge on acceptance of their version of the facts.  Thompson disputes those facts.  Because genuine issues of material fact remain, there is no jurisdiction over this appeal.  We, therefore, **DISMISS** for lack of jurisdiction and **REMAND** to the district court to proceed to trial.