NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1043n.06

No. 11-2221

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DEON LARON GENTRY, | ) | **FILED** |
|  | ) | **Oct 01, 2012** |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| COUNTY OF WAYNE; DANIEL J. CARMONA; | ) | THE EASTERN DISTRICT OF |
| WARREN EVANS; ROBERT FICANO; | ) | MICHIGAN |
| DANIEL PHANNES; HAROLD CUERTON; | ) |  |
| LAWRENCE MEYER; DONALD WATTS; | ) |  |
| MICHELLE GARLAND; RICHARD WOLF; | ) |  |
| LARRY DAVIS; COMMANDER BOOTH; | ) |  |
| PALMER COLEMAN, JR.; RICHARD PERKINS; | ) |  |
| J. GRYSKO; DONALD COX, | ) |  |
|  | ) |  |
| Defendants-Appellants. | ) |  |

Before:  MERRITT, McKEAGUE, AND STRANCH, Circuit Judges.

**JANE B. STRANCH**, Circuit Judge.  In this action filed pursuant to 42 U.S.C. § 1983, Deon

Laron Gentry alleges that police officer Daniel J. Carmona used excessive force in attempting to

apprehend him during police response to a domestic violence call.  Deputy Carmona appeals the

district court's denial of his motion for summary judgment on qualified immunity grounds.  Because

the officer relies on disputed facts, we **DISMISS** the appeal for lack of jurisdiction.

**I.  BACKGROUND**

The thorough recitation of the facts in the district court's order is adopted for purposes of this

appeal.  The order notes that the "crux" of this case is the struggle in the stairwell immediately

preceding the shooting of Gentry by Deputy Carmona. Carmona recounts those events as follows: Gentry fell on top of Deputy Merrow; Merrow shouted that Gentry was trying to take his weapon; Deputy Carmona visually confirmed that Gentry was attempting to do so; and he fired a shot in response. In contrast, Gentry alleged that he and Deputy Merrow fell down beside each other, with the deputy slightly on top of him; that Deputy Merrow did not yell to his fellow officers that Gentry was attempting to take his weapon; and that, as Gentry placed both palms flat on the ground and attempted to push himself up to standing, he was shot in the back without further warning. Although Deputy Carmona argued that this dispute was not "genuine" because Gentry's testimony conflicted with consistent testimony from four police officers, the district court observed that this was an implicit, and inappropriate, request to assess witness credibility on a motion for summary judgment. Finding that the determination of whether Deputy Carmona's actions were reasonable hinged on disputed facts, the district court denied the motion for summary judgment. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction

While the denial of qualified immunity "is an appealable final decision pursuant to 28 U.S.C. § 1291," *Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 495 (6th Cir. 2012), this is true only "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Should the legal arguments presented by the defendant "rely entirely on [his or her] own disputed version of the facts, the appeal boils down to issues of fact and credibility determinations that we cannot make." *Thompson v. Grida*, 656 F.3d 365, 367 (6th Cir. 2011) (citing *Berryman v. Rieger*, 150 F.3d 561, 564 (6th Cir. 1998)).

2

**B. Factual Disputes on Appeal**

Deputy Carmona presents his issues on appeal as pure questions of law. He argues that the district court incorrectly analyzed the objective reasonableness of his actions by placing too much emphasis on whether Gentry was reaching for or had obtained control over Deputy Merrow's gun. Carmona contends that proper consideration of the record as a whole renders Gentry's claims immaterial.

Excessive or deadly force claims are analyzed under the Fourth Amendment's "reasonableness" standard, *Schreiber v. Moe*, 596 F.3d 323, 331-32 (6th Cir. 2010), that is, whether the totality of the circumstances justified the use of force. *See Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). However, the question of "whether the use of deadly force at a particular moment is reasonable *depends primarily on objective assessment of the danger a suspect poses at that moment*." *Bouggess v. Mattingly*, 482 F.3d 886, 889 (6th Cir. 2007) (emphasis added). Accordingly, the district court's primary focus on the "crux" of the case—the moments immediately preceding the alleged use of excessive or deadly force—was appropriate.

Moreover, it is clear that Deputy Carmona's position is entirely dependent on a version of material and disputed facts construed in the light most favorable to him. He asserts that the shooting was a reasonable reaction to Deputy Merrow's exclamation that Gentry was reaching for or had grabbed his weapon.[1] The facts surrounding this issue are material to determining whether the deadly force employed by Deputy Carmona was reasonable. They are also unquestionably in dispute

---

[1]In fact, the cases Deputy Carmona relies upon in support of his arguments "are only analogous if this Court accepts [his] version of the facts." *Thompson*, 656 F.3d at 367.

3

and, at this stage, must be viewed in the light most favorable to Gentry for purposes of appeal. *See Thompson*, 656 F.3d at 367.

Deputy Carmona also argues that his case fits within a narrow subset of cases in which the record contains objective evidence confirming an officer's version of the facts and refuting the plaintiff's conflicting version. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding that conflicting versions of a car chase between plaintiff and police did not create a genuine issue of material fact because plaintiff's version was "blatantly contradicted" by videotape evidence). Circumstances such as the videotape in *Scott* are not present here. Nor are we presented with a case in which the only account of the events comes from officer testimony. *See, e.g.*, *Chappell v. City of Cleveland*, 585 F.3d 901, 910-11 (6th Cir. 2009) (reversing district court's denial of qualified immunity where officers were the only witnesses to shooting and their testimony was uncontradicted). This record contains testimony of Gentry, the deputies, and third parties. Simply because Gentry's testimony conflicts with that of several police officers does not undercut the existence of genuine and material issues of fact. *See Jones v. Yancy*, 420 F. App'x 554, 557 (6th Cir. 2011) (concluding that genuine issue of material fact existed based on plaintiff's and officers' conflicting versions of events surrounding alleged use of excessive force). Resolution of differing factual accounts and credibility determinations are entrusted to the finder of fact.

### III. CONCLUSION

Rather than presenting a purely legal question, Deputy Carmona seeks qualified immunity based on disputed facts viewed in the light most favorable to him. Because disputes of material fact remain, we are without jurisdiction and **DISMISS** the appeal.