NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0471n.06

No. 14-1714

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KEVIN M. REGAN, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| DAVID TODD and ROBERT | ) | STATES DISTRICT COURT FOR THE |
| WOJCIECHOWSKI, in their individual and | ) | EASTERN DISTRICT OF MICHIGAN |
| official capacities, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

**FILED**
Jun 25, 2015
DEBORAH S. HUNT, Clerk

BEFORE:   DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   Plaintiff Kevin Regan brought this § 1983 action against Officers David Todd and Robert Wojciechowski of the Sterling Heights (Michigan) Police Department, alleging false arrest, false imprisonment, use of excessive force, and malicious prosecution.  The defendants moved for summary judgment based on qualified immunity.  The district court denied the motion, finding that there were genuine disputes of material fact that could not be resolved on summary judgment.  We conclude that the district court's assessment is fully supported by the record, that the case does not present an abstract question of law at this stage of the litigation, and that we therefore lack jurisdiction to decide the issue of qualified immunity on interlocutory appeal, under *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

The district court found that the incident at issue here began when the officers responded to a noise complaint regarding drunken teenagers at the apartment building where Kevin Regan resided. On arrival at the scene, they spotted Regan through the glass door to the building and gestured to him to let them in, which he did. Regan then returned to a landing at the top of the staircase to the basement, where he had been doing his laundry that evening. According to the officers, Regan appeared to be both intoxicated and underage, and they asked why he was walking in the halls at 1:30 in the morning. According to Regan, he explained that he was doing his laundry, and the officers responded, "Wrong answer, motherfucker." They moved to restrain Regan, he pulled back, and the encounter ended in a takedown, during which Regan "yell[ed] out of pain" because one of the officers had "pushed their knee down on [his] back and twisted [his] arm." The officers maintained that Regan was "resisting and obstructing" them in the process of a criminal investigation and lodged that misdemeanor charge against Regan after he was taken into custody and transported to jail. Officer Todd testified for the prosecution in the ensuing trial, but the jury acquitted Regan on the charged offense. This § 1983 action followed.

The district court invoked Federal Rule of Civil Procedure 56(a), which provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the court noted as well that in considering a motion for summary judgment, the evidence and all reasonable inferences from it must be construed in the light most favorable to the non-moving party—here, the plaintiff. Reviewing each of Regan's claims, the district court concluded that "the qualified immunity inquiry is entirely fact bound, such that the resolution of the legal issues hinge[s] on which version of the facts is believed by the t[r]ier of fact."

Concerning the false arrest and imprisonment claims, the district court held that "there [wa]s a material question of fact as to whether Defendants lawfully detained Plaintiff" because "[a] fact-finder could only conclude that there was reasonable suspicion or probable cause to arrest Plaintiff if they accept[ed] Defendants' version of events as true, which is not permitted at the summary judgment stage." As for the excessive-force claim, the district court found that, taking the facts in the light most favorable to Regan, the evidence failed to show that he "actively resist[ed] arrest or attempt[ed] to evade the officers," in contrast to the officers' claim that Regan "was belligerent, evasive, and abusive, and that he clenched his fist in a threatening manner, causing them to fear for Officer Todd's safety." Thus, the district court concluded, "the question of reasonable force hinges on which version of the facts is more believable," making "[a grant of] summary judgment on qualified immunity improper." Finally, the district court also denied summary judgment on the malicious prosecution claim, finding that it was "questionable whether the officers had probable cause for the arrest and charge" that had caused Regan to "suffer[] a deprivation of liberty" and noting that he had been acquitted of the charge.

On appeal, the defendants attempt to recharacterize the disputes of fact summarized above as "questions of law" ("the officers had a lawful right to stop and detain plaintiff"; "the officers had a lawful right to use force"; "probable cause existed to arrest Regan") based on "undisputed facts." These so-called questions of law are, however, merely legal conclusions that the defendants want us to draw from the evidence in the record, taking all inferences from that evidence in their favor. But we have no authority to resolve disputes of fact or determine credibility on interlocutory appeal, given our exceedingly "narrow" jurisdiction. *Thompson v. Grida*, 656 F.3d 365, 367 (6th Cir. 2011). Indeed, "[a] district court's determination that the

summary judgment record raises a genuine issue of fact concerning the officials' involvement is not an immediately appealable final decision and this Court lacks jurisdiction" in such cases. *Id.*

The appeal is DISMISSED, and the case is remanded to the district court for further proceedings.