**Robert M. KRUTKO, Plaintiff–Appellee,**

v.

**FRANKLIN COUNTY, OHIO, et al., Defendants–Appellants.**

No. 14–4295.

United States Court of Appeals, Sixth Circuit.

Nov. 24, 2015.

---

BEFORE: GILMAN, COOK, and McKEAGUE, Circuit Judges.

## OPINION

### PER CURIAM.

Plaintiff–Appellee Robert Krutko brought conditions-of-confinement claims under 42 U.S.C. § 1983 and Ohio Revised Code § 2744 against jail guards Tressa Lawler, Carol Turner, Teresa Hatzer, Kristopher Koller, John Penix, and Jeffrey Harrow. The guards appeal the district court's interlocutory ruling denying their motion for summary judgment on qualified and state immunity grounds. Because the guards do not accept the facts as found by the district court in the light most favorable to Krutko, we **DISMISS** the appeal for lack of jurisdiction and **REMAND** for trial.

Krutko alleges that while he was confined in a cell known as the "hole," sewage began spouting from the toilet and covered his clothes and body. According to Krutko's allegations, he and other inmates pounded on the door, but "[g]uards, including [defendants] HATZER, LAWLER, KOLLER, HARROW, PENIX, and TURNER," laughed and cursed at him as he was covered in sewage and did not remove him from his cell for 25 minutes. Krutko and the other inmates eventually pushed sewage into the hallway, at which point "the guards, including HATZER, LAWLER, KOLLER, HARROW, PENIX, and TURNER," angrily removed Krutko and the other prisoners from the "hole." Krutko further alleges that "the guards" denied him soap or a shower while he was in

---

another cell and while he was in the medical department, where he stayed for "five or six days" before being transferred back to general population and finally allowed to shower.

The district court determined that Krutko's allegations against the guards included not only taunting Krutko and leaving him in his cell for 25 minutes, but also denying him hygiene products and a shower for several days:

> [T]he facts, reviewed in the light most favorable to the Plaintiff, show that he was subjected to significant exposure to unsanitary conditions and extreme filth.... Thereafter, despite being covered in sewage, Plaintiff allegedly was *denied hygiene items to clean himself or access to a shower for several days*.... Moreover, this Court considers that society deems it a violation of contemporary standards of decency to allow a prisoner to be covered in raw sewage, to delay removing him from the affected area while taunting him, and *then to prevent him from cleaning himself for days*. To allow an inmate to be covered in sewage *for days* would meet the very definition of "deliberate indifference."

*Krutko v. Franklin Cty.*, Ohio, No. 2:11-cv-610, 2014 WL 6687143, at *9 (S.D.Ohio Nov. 26, 2014) (emphasis added). On appeal, the guards attempt to limit the allegations to only taunting and leaving Krutko in his cell for 25 minutes:

> Krutko claims the Deputies' conduct in laughing, cursing, and insulting him at one point during an unspecified time in the "hole" while the toilet in his cell overflowed amounted to a Constitutional violation. Krutko further alleges that the named Deputies removed him from the "hole" when they noticed sewage coming under the door. *That is the extent of the claims asserted by Krutko against Appellants.* All other allegations are made generically against "the

guards" and not any Appellant Defendants.

Appellants Br. at 19–20 (internal citations omitted).

A denial of a claim of qualified immunity is immediately appealable only if the appeal is premised on "neat abstract issues of law," rather than on a factual dispute. *Johnson v. Jones*, 515 U.S. 304, 317, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (citations omitted). We must dismiss the appeal if the defendants "attempt[ ] to persuade us to believe [their] version of the facts." *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir.1998). The defendants must be "willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal." *Thompson v. Grida*, 656 F.3d 365, 367 (6th Cir.2011) (quoting *Berryman*, 150 F.3d at 563). If the defendants instead dispute the facts on appeal, then "the district court's determination that the summary judgment record raises a genuine issue of fact concerning the officials' involvement is not an immediately appealable final decision and this Court lacks jurisdiction." *Thompson*, 656 F.3d at 367 (citations omitted).

We lack jurisdiction here because the guards have not conceded the most favorable view of the facts to Krutko. For the purposes of this appeal, the guards accept that they taunted Krutko and left him in his cell for 25 minutes, but they do not accept the allegation that they deprived Krutko of hygiene products and a shower for days. The guards attempt to avoid this allegation by asserting that, because Krutko's complaint does not specifically name the individual guards as denying him soap and a shower, they need not accept those factual allegations. This is incorrect on two fronts. First, the district court included the denial of hygiene products and a shower for several days as part of the constitutional violation. Second, Krutko's complaint alleges that "the guards"

denied him hygiene products and showers. Having referenced the individual guards twice by name in the preceding paragraphs of the complaint, the district court found that "the guards" meant the six named guards. The guards cannot contest this in an interlocutory appeal.

As we have previously explained, "[o]nce a defendant's argument drifts from purely legal into the factual realm and begins contesting what really happened, our jurisdiction ends and the case should proceed to trial." *Berryman,* 150 F.3d at 564–65. The guards' arguments for qualified immunity hinge on accepting their version of the facts, which conflicts with Krutko's allegations and the district court's findings. Because genuine issues of material fact remain, we have no jurisdiction over this appeal. We therefore **DISMISS** for lack of jurisdiction and **REMAND** to the district court to proceed to trial.