CLAY, Circuit Judge,
dissenting.
Rather than decide the issues of qualified immunity presented by this appeal, I would simply dismiss this appeal for lack of jurisdiction.
Officer Janie Romines, who is being sued for spraying pre-trial detainee Amy Guy with a chemical agent, appeals the denial of her motion for summary judgment based on qualified immunity. It is well-established that “[a] defendant challenging a denial of summary judgment on qualified immunity grounds must be ‘willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal.’” Thompson v. Grida, 656 F.3d 365, 367 (6th Cir. 2011) (quoting Berryman v. Rieger, 150 F.3d 561, 563 (6th Cir. 1998)). We have this requirement because “[a] district court’s denial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291, but only ‘to the extent that it turns on an issue of law.’ ” Estate of Carter v. City of Detroit, 408 F.3d 305, 309 (6th Cir. 2005) (quoting Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). Moreover, “[m]ere conclusory statements that the officers construe the facts in the light most favorable to the plaintiff cannot confer jurisdiction upon this Court.” Thompson, 656 F.3d at 368. Because Romines continually disputes material facts instead of conceding Plaintiffs version of the facts as required, I would dismiss this appeal for lack of jurisdiction. I therefore respectfully dissent.
Taking the evidence in the light most favorable to Plaintiff, the relevant facts are as follows. On September 11, 2013, Guy was a pre-trial detainee at the Davidson County Correctional Development Center, where Romines was stationed as a correctional officer. At around 2:42 p.m., Ro-mines told the detainees, including Guy, to leave the day room and return to their cells. Rather than return to her cell, Guy approached Romines to ask whether she could see a nurse, as she was not feeling well. Romines told Guy to return to her cell. When Guy did not move immediately, Romines approached Guy and began to escort her in the direction of her cell. About five seconds later, Guy turned her head toward Romines and again asked whether she could see a nurse, but Ro-mines refused to answer. Guy subsequently paused, turned toward Romines with her hands clasped in front of her, and once again asked to see a nurse. In response, Romines sprayed Guy with Freeze + P, a chemical agent. Reacting to being sprayed, Guy reached out toward Romines with her right hand in an attempt to push away the can of Freeze +P. Guy was led to a nearby table and restrained.
After the incident, Romines noticed that she had scratches on her arm. She then obtained a warrant for Guy’s arrest, charging her with misdemeanor assault. In her affidavit supporting the warrant, Romines alleged that Guy was combative and had been trying to hit her. However, Romines subsequently admitted that these allegations were baseless. The charges against Guy were later dropped.
As a result of this incident, Guy filed this suit against Romines and the Metropolitan Government of Nashville and Davidson County pursuant to 42 U.S.C. *480 § 1983. Guy asserted three claims against Romines that are relevant to this appeal: false arrest and malicious prosecution, use of excessive force, and deliberate indifference to a serious medical need. Romines filed a motion for summary judgment in the district court, arguing that she was entitled to qualified immunity on the excessive force claim. The district court denied the motion after determining that the parties disputed genuine issues of material fact on each claim.
In filing this interlocutory appeal, Ro-mines claims that she concedes the facts in the light most favorable to Guy. However, her arguments belie this characterization. Throughout her appellate brief, Romines argues that she perceived Guy’s actions as threatening, a fact which she uses to distinguish this case from Williams v. Curtin, 631 F.3d 380 (6th Cir. 2011), in which we held that a plaintiff could state an excessive force claim against correctional officers who used chemical spray on him when he asked a question in response to being ordered to “pack up” his cell. Id. at 384. In attempting to distinguish Williams from this case, Romines asks us to accept her contention that Guy’s movements could be seen as threatening, despite evidence to the contrary revealing that Guy had her hands clasped in front of her when she turned toward Romines to simply ask for medical attention. “When the legal arguments advanced rely entirely on a defendant’s own disputed version of the facts, the appeal boils down to issues of fact and credibility determinations that we cannot make.” Thompson, 656 F.3d at 367 (citing Berryman, 150 F.3d at 564.) Because Ro-mines’ arguments rely on her view of the facts and not on the facts as viewed in the light most favorable to Guy, I would dismiss this appeal for lack of jurisdiction,
Romines similarly contests facts in the context of Guy’s claim that Romines subjected her to false arrest and malicious prosecution. In arguing that she is entitled to qualified immunity, Romines contends that she had probable cause to arrest Guy because Guy became combative and scratched Romines’ arm. Guy’s actions, according to Romines, constituted an assault resulting in an. intentional, knowing, or reckless bodily injury. See Tenn. Code. Ann. § 39-13-101. However, Guy contends that she was merely reacting to the Freeze + P spray in her eyes and that any scratches she may have caused were not made with the requisite mens rea. This dispute reveals that Romines is not actually conceding the facts in the light most favorable to Guy, despite her conelusory claim to the contrary. Therefore, I would find that we lack jurisdiction over Ro-mines’ interlocutory appeal based on the denial of qualified immunity.
Because Romines repeatedly contests material facts, even though this Court can only decide purely legal issues during a qualified immunity interlocutory appeal, I would dismiss this appeal for lack of jurisdiction and remand the case to the district court to proceed to trial.